UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
             :
UNITED STATES OF AMERICA
             :
                                         :    PRELIMINARY ORDER OF
       - v. -                          FORFEITURE/
             :    MONEY JUDGMENT

DEESHUNTEE STEVENS,
    a/k/a "Kay,"                       :    S5 19 Cr. 862 (VEC)

           Defendant.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about April 28, 2021, DEESHUNTEE STEVENS, a/k/a "Kay" (the "Defendant"), among others, was charged in two counts of a fifteen-count Superseding Indictment, S5 19 Cr. 862 (VEC) (the "Indictment"), with narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count Two); and a firearms offense, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Four);

        WHEREAS, the Indictment included a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting or derived from any proceeds that the Defendant obtained, directly or indirectly, as a result of the offense charged in Count Two of the Indictment, and any and all property used, or intended to be used in any manner or part to commit, and to facilitate the commission of the offense alleged in Count Two of the Indictment, including, but not limited to, a sum of money representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Indictment;

        WHEREAS, on or about June 10, 2021, the Defendant pled guilty to Count Two of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Two of the Indictment and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property

constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense charged in Count Two of the Indictment and any and all property used or intended to be used in any manner or part to commit, and to facilitate the commission of the offense charged in Count Two of the Indictment, including but not limited to the sum of $9,050.00 in United States currency, representing the proceeds traceable to the commission of the offense charged in Count Two of the Indictment;

WHEREAS, the Government asserts that $9,050 in United States currency represents the proceeds traceable to the offense charged in Count Two of the Indictment, that the Defendant personally obtained;

WHEREAS, the Government seeks a money judgment in the amount of $9,050 in United States currency, pursuant to Title 21, United States Code, Section 853, representing the proceeds traceable to the commission of the offense charged in Count Two of the Indictment that the Defendant personally obtained; and

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $9,050 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count Two of the Indictment, that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, DEESHUNTEE STEVENS, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. United States Marshals Service (or its designee) is authorized to deposit the payment on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

7. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated: New York, New York
      October 26, 2021

SO ORDERED:

_____
HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE